Hon. Mark D. Fox
Civil Action File No. CV-

UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------
ELAINE CHAO, SECRETARY OF LABOR,  :   Civil Action
UNITED STATES DEPARTMENT of LABOR,
                                  :   File No. 07-CV-03739-UA-MDF
              Plaintiff,
                                  :   CONSENT JUDGMENT

         v.
Patra Foods, Inc.
d/b/a Gateway Diner Of Newburgh;
                                  :
Alessia HI-DI, Inc.
d/b/a Gateway Diner of Highland;

George Georgakopoulos; and        :

Frank Georgakopoulos
                                  :
              Defendants.
-----------------------------------------

Plaintiff, the Secretary, has filed her complaint and, without admitting any of the violations alleged in the complaint, defendants appeared by Counsel and waive their answer, and agree to the entry of this Judgment without contest. Defendants acknowledge their responsibilities pursuant to this agreement, and acknowledge that they will be subject to sanctions in contempt of this Court if they fail to comply with the provisions of this Judgment. It is, therefore, upon motion of the attorneys for plaintiff and for cause shown:

1. ORDERED, ADJUDGED, AND DECREED that defendants Alessia HI-DI, Inc. d/b/a Gateway Diner of Highland, PATRA Foods, Inc. d/b/a Gateway Diner of Newburgh, George Georgakopoulos, Frank Georgakopoulos, their officers, agents, employees and all persons acting or claiming to act in their behalf and interest are permanently enjoined and restrained from violating the provisions of sections 6, 7, 15(a)(2), and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended, (29 U.S.C. Section 201 et seq.), (the Act), in any of the following manners:

(1) Defendants shall not, contrary to Section 6 of the Act, pay to any of their employees who in any workweek are engaged in commerce or in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, wages at rates less than those which are now, or which in the future may become, applicable under Section 6 of the Act.

(2) Defendants shall not, contrary to Section 7 of the Act, employ any of their employees in any workweek who are engaged in commerce or in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, for workweeks longer than the hours now, or which in the future become, applicable under Sections 7 and 15(a)(2) of the Act, unless the employees receive compensation for their employment in excess of the prescribed hours at rates not less than one and one-half times the employees' regular rates.

(3) Defendants shall not fail to make, keep, and preserve adequate records of their employees and of the wages, hours, and other conditions and practices of employment maintained by them as prescribed by the Regulations issued pursuant to Section 11(c) of the Act and found at 29 CFR Part 516.

II. Further, the Court finding, as agreed by defendants, that minimum wages and overtime compensation are due certain employees in the amounts of $31,782.88 plus interest from Alessia HI-DI, Inc. and $19,980.12 plus interest from PATRA Foods, Inc. for total back wages due of $51,763.00; it is

ORDERED, ADJUDGED AND DECREED that the defendants and all persons acting or claiming to act in their behalf and interest are enjoined and restrained from withholding the payment of $51,763.00 due to employees in the amounts listed opposite their names on Exhibit A, plus interest as shown in Exhibit B. Payment of this sum shall be made in monthly installments in accordance with the schedule shown in Exhibit B attached. The first installment in the amount of $ 4500       shall be paid no later than July 31, 2007.

III.  The provisions of this order relative to back wage payments shall be deemed satisfied when defendants pay all installments as shown on Exhibit B by delivering certified checks or bank checks or money orders to plaintiff's representative, U.S. Department of Labor, Wage and Hour Division, - Northeast Region, JP Morgan Chase, P.O. Box 880903, Dallas, Texas 75388-0903, made payable to "Wage-Hour, Labor" in the total amount due for each installment including interest.

In the event defendants fail to make an installment payment as specified without making up arrearages within ten (10) days of the due date, the entire balance shall become due and payable immediately.

IV.  ORDERED that copies of the certified checks and cover letter shall be simultaneously sent to Sonia Rybak, Assistant District Director, U. S. Department of Labor, Wage-Hour 140 Grand Street, Suite 304, White Plains, New York 1060. The Secretary shall distribute the defendants' payments to the employees and former employees, or to their estates, as set forth in Exhibit A.

V.  Defendants shall make available to plaintiff the social security number and last known address of each employee or former employee listed in Exhibit A of this judgment.

VI.  Neither defendants nor any one on their behalf shall directly or indirectly solicit or accept the return or refusal of any sums paid as back wages under this Judgment.

VII. Any sums not distributed by defendants to the employees or to their personal representatives because of inability to locate the proper persons or because of such persons' refusal to accept such sums, shall be forwarded to the Wage and Hour Division at the address

listed in paragraph III and then deposited with the Clerk of this Court who shall forthwith deposit such money with the Treasurer of the United States pursuant to 28 U.S.C §§2041 and 2042.

VIII. ORDERED that if the defendants fail to make the payments as set forth above, then the Court shall appoint a Receiver. Plaintiff shall provide the Court with the names of potential Receivers. The Court may appoint the Receiver from those offered by the Secretary or may appoint another Receiver at its discretion. In the event a Receiver is appointed, it is further

IX. ORDERED that defendants shall produce to the Court appointed Receiver all books and records and any other information the Receiver requires to carry out the provisions of this Judgment. In addition, the defendants shall submit to a sworn accounting by an independent certified public accountant and\or the Receiver, and shall testify, if the accountant or Receiver so decides; and it is further

X. ORDERED that all the expenses of the accountant or Receiver shall be borne solely by defendants; and it is further

XI. ORDERED that if the Court appoints a Receiver, the Receiver shall serve until the payment of the monetary terms of this Judgment are satisfied; and it is further

XII. ORDERED that the Receiver shall have full authority to: collect the Defendants' assets and report his/her findings to the Court and the parties; to redeem and/or liquidate the defendants' assets and turn over the proceeds to the Secretary; if the asset is a debt that is due, collect it and turn over the proceeds to the Secretary; to analyze all indebtedness and where deemed appropriate seek restructuring; to analyze all transfers of the defendants' assets; to prevent waste or fraud; and to do all acts and take all measures necessary or proper for the efficient performance of the duties under this Judgment and Order; and it is further

XIII. ORDERED that the defendants shall orally advise all their employees in Spanish and English of the employees' rights under the Fair Labor Standards Act, and the terms of this Judgment, including the payment of minimum wages and overtime and the rights of employees to engage in activity protected by the Act without fear of retaliation. This oral advice to employees shall take place within 30 days of the entry of Judgment on a workday; and it is further

XV. ORDERED that defendants shall place posters provided by the Wage and Hour Division with information about the FLSA where employees may view them; and it is further

XVI. ORDERED that neither the commencement of this action nor the provisions of this Consent Judgment shall in any way affect, determine, or prejudice any and all legal rights of any employees or former employees of defendants not listed in Exhibit A, be they current or former employees, to file any action against defendants under section 16(b) of the Act, or likewise for any current or former employee listed in Exhibit A to file any action against defendants under section 16(b) of the Act for any violations alleged to have occurred after September 23, 2006; and it is further

XVII.    FURTHER ORDERED, ADJUDGED, AND DECREED that each party will bear its own fees and other expenses incurred by such party in connection with any stage of this proceeding.

*Case Closed*

✓ DATED: ~~April~~ May 25, 2007
White Plains, New York

_____
United States District Judge

Defendants appeared by counsel and waived their answer and any defense to the Complaint, and consent to the entry of this Judgment.

CORP.                                               CORP.
SEAL                                                SEAL
    ALESSIA HI-DI, INC.                     PATRA FOODS, INC.

BY: _____         BY: _____
      PRESIDENT                                        PRESIDENT

_____
GEORGE GEORGAKOPOULOS, Individually

_____
FRANK GEORGAKOPOULOS, Individually

_____
MILLER, KENNETH & POWERMAN, LLP.
Attorneys for Defendants